Case number 20-3334, Dean Koch v. State of Ohio, et al, oral argument is not to exceed 15 minutes per side. Mr. Katchmer for the appellant. Yes, Your Honor. Was there any rebuttal reserved? It was five minutes, Your Honor. Thank you. You may begin. Your Honors, I think much of my case is going to revolve around the 11th Amendment. And I know that there's a long history of 11th Amendment law, but I think in the light of the recent, just the last session, Supreme Court case of Bostick v. Clayton County, there are some principles laid down for interpreting this sort of procedure. And I believe that in both the case of the 11th Amendment, where there's a prohibition of a citizen suing his own state, and in the area of qualified immunity, all of the principles of Bostick have been violated. With the 11th Amendment, the seminal case is Hans v. Louisiana. The case came in 1890 to correct an anomaly, at least that's what the court thought, in the law around the 11th Amendment. The court went through – the court actually had no law to make this extension. They had no precedent. What they did was to cite the Federalist Papers, cite discussions leading up to the Constitution, and I would say that their own argument militates against the position that the court eventually came to. The 11th Amendment was, I believe, ratified in the late 1880s, and the way that it was written, it was that a citizen of one state cannot sue another state. A foreign citizen cannot sue a state of the United States, but there was nothing in the 11th Amendment, in the clear language of the 11th Amendment, that said that a citizen of his own state could not sue his state. Indeed, the discussion in Hahn – again, as I say, I think it militates against the position that Hahn's court took. Counsel, I'd like to ask you a question because I want to be sure in my own mind where you're heading. Certainly. Is this an argument that the 11th Amendment has been completely misconstrued by the courts and, for that reason, shouldn't bar this action? Or are you leading to something that will be an argument that the decision in this particular case is inconsistent with the Supreme Court's cases and the Sixth Circuit cases that have evolved since the case that you're talking about? I'm sorry, I didn't mean to interrupt. Actually, both. Mainly the first part of what you've just stated, Your Honor, that I believe has been misconstrued really from the beginning, from the 1880s and 1890s. But also, and I really wouldn't bring this argument except that with the Bostic case, giving some clarification on how a court should apply the plain language in the case of the 11th Amendment, there's just been a counter to this. And I think that really in both instances, there has been case law since the decision in this case, and that's Bostic v. Clayton County. And again, that is not an 11th Amendment case, and I will concede that. It runs counter to, I think, all of the preceding laws since Hans in 1890. Do we have any authority to just sort of toss all of that out? I think you do, and I think that's – and again, that is the question I grappled with. But again, I think in light of Bostic and the principles enunciated, yes. If you're asking is there a specific 11th Amendment law that would permit that, no, I would concede that. But I would say that in the light of the Supreme Court enunciating the principles whereby they look at statutory construction or construction really of any written law in the United States, the interpretation of the 11th Amendment since Hans v. Louisiana is incorrect. It's just simply incorrect. Do you want to get to your precise argument? Yes. I'm sorry.  I'm sorry, Your Honor. Go ahead. If you wanted to finish the thought so I can respond to you, I'll be glad to. What I'm saying is the 11th Amendment in Hans, the court went through a great deal of pre-constitutional discussion concerning sovereign immunity. None of that made it into the Constitution itself. And then when there was an attempt to correct this in the 1880s with the 11th Amendment, again, there was no prohibition of a citizen suing his own state. So if we go to three of the principles in Bostic, the legislative history has no bearing where there is no ambiguity in the wording. There is no ambiguity in the wording of the 11th Amendment. The meaning of the language has not changed. There is no hidden meaning in the words. There is – all that's left is basically policy appeals. And as Justice Gorsuch says, that is an invitation that no court should ever take up. So, again, in the way that the court looks at – the Supreme Court looks at statutory construction or the construction of the wording of, in this case, like I said, the 11th Amendment, this violates all of it. There is no ambiguity in the language. Mr. Katz. There was – I'm sorry. May I interrupt? Yes. I apologize. Let's just assume, though, that we cannot go back and revisit these Supreme Court decisions. Do you have an argument? What is your argument beyond that if we are bound by the Supreme Court decisions in this area? Well, two things, Your Honor. Respectfully, I think in light of Bostic, you are not bound by the precedent on the 11th Amendment. It can be revisited. But moving on, the court did state in the – the district court did state that there is injunctive relief available under the 11th Amendment. The court did not go forward with that relief, but it did acknowledge its existence. It's prospective. Now, we are dealing with a motion on the pleadings. We are not dealing with anything further along in the case. So I believe in that respect that the court – it really mentioned it, but it never went anywhere with it. Instead – and this is why I'm kind of stuck on the 11th Amendment. Instead, it started taking apart the individual defendants and saying, well, there's no proof that this person did this. There's no proof. Well, the fact is it's all part of – they're all employees of the state of Ohio. They're all employees of the Ohio Department of National Resources. And much of the motivation, much of the factual case that can be made stems from the actions of the state. Now, again, to get back to your question, I believe that just mentioning injunctive relief and not going any further allows this court to revisit the decision in the district court. What injunctive relief are you asking for in this case? Well, Mr. Cook initially was asking for monetary relief. That was barred, as the court said, under the 11th Amendment, but injunctive relief was not. Barring any monetary relief, yes, we would like some prospective injunctive relief. Mr. Cook has been harassed since 1970. We would like some relief where they would be enjoined from violating his constitutional rights in the future. But going on, additionally, one of the defendants, Defendant Myers, was dismissed from the case based on qualified immunity. And I would make the same arguments that I made under Hahn concerning qualified immunity, maybe even more so. The case that created this was, I think it was Pearson v. Clayton County. It was a 1967 case. Again, it was the court's attempt to correct something that didn't need correcting. The court in Pearson really didn't create qualified immunity. What it did was say there was a good faith defense for police officers. In this case, we're not talking about police officers, of course, we're talking about state employees. And it conflated that with judicial immunity, which exists in the common law, not in statutory law. And I would argue, number one, the conflation is way out of bounds. Well, number one, it's actually not in Pearson. Number two, the common law does not automatically come into federal law. And the example that comes to my mind is the All Writs Act, which basically incorporated all of the common law writs into federal law. Counsel, you're into your rebuttal time now. I just want to let you finish your thought. I'll finish my thought, Your Honor. Thank you very much. Again, this was a situation where if the common law were automatically incorporated, we wouldn't need something like the All Writs Act. So my point is the common law does not automatically come into federal law. Pearson actually never created the extent that the qualified immunity is going. Thank you, Your Honor. I see my time. Yes. Thank you. You have your rebuttal time left. Thank you. Counsel? Good afternoon, Your Honors. May it please the Court. This case can be resolved on two grounds. First, most of the claims are barred by sovereign immunity. And second, with respect to the claims that are not jurisdictionally barred, none state a plausible claim for relief. Now, to respond to my friend's argument, he's asking this court to reverse Supreme Court precedent, which, of course, this court cannot do. And with respect to my friend's argument regarding Bostock, first, that case dealt with interpreting a statute.  Also, the Supreme Court in Alden v. Maine, which is a case from 1999, the court said sovereign immunity derives not from the 11th Amendment, but from the structure of the original Constitution itself. In other words, the court in Alden explained that state sovereign immunity is not tied to the literal words of the 11th Amendment. And here's an example. The 11th Amendment says nothing about whether a state is immune from suit from its own citizens. It also says nothing about whether a state is immune from suit from a corporation, from an Indian nation, or from a foreign nation. Yet in each one of these instances the court has held state sovereign immunity applies. So really, as my friend acknowledges, this case comes down to sovereign immunity. And the most important issue is the state law claims against the individual defendants. And all of those are barred by sovereign immunity. When state employees are sued in their official capacities, the real party in interest is the state. Therefore, sovereign immunity bars all state law claims against state employees in their official capacities. And the same is true with respect to the personal capacity state law claims. For example, when a plaintiff seeks to enjoin a state employee in their personal capacity from carrying out their official duties, what a plaintiff is really doing is they're seeking to prevent the employee from carrying out their official duties. Such an injunction would operate against the state. And that's why this court in Ott held that sovereign immunity bars plaintiffs from using state law to enjoin state employees from carrying out their official duties. And the same is true with respect to money damages. The real party in interest is the state. And as the Supreme Court explained in Pennhurst, it's not the job of federal courts to command states to follow their own laws. And so really, I've talked about state sovereign immunity with respect to official capacity claims, personal capacity claims, injunctive relief and money damages. But really, when it comes down to it, the analysis can be simplified. As Judge Sutton explains, there's a straightforward rule and there's a straightforward exception. The rule is this. When a plaintiff sues state employees under state law in federal court for conduct that the employee took in carrying out their official duty, that claim is barred by sovereign immunity no matter what type of relief is sought. And the exception is that if the conduct that gives rise to the state law cause of action is wholly unrelated to the employee's official duties, sovereign immunity does not bar that claim in federal courts of jurisdiction. So here, Koch brought two state law claims, one for malicious prosecution and another for civil conspiracy. He brought these claims against the state employees and therefore they're barred by sovereign immunity. The other sovereign immunity issues are fairly straightforward. The state of Ohio and the two state agencies, the claims against them are barred by fundamental principles of sovereign immunity. And that leaves just the federal claims. And this court has jurisdiction over two types of those claims. First, under ex parte Young, the court has jurisdiction over Koch's federal claims seeking injunctive relief from the officers in their official capacities. And second, the court has jurisdiction over Koch's federal claims requesting money damages from the officers in their personal capacities, see Hafer. So now that we know what the court has jurisdiction over, let's turn briefly to the merits and discuss why the district court did not err in holding that Koch did not state a claim for relief that is plausible on its face. And first, to respond to my friend's argument regarding qualified immunity, the court does not need to go there. Again, qualified immunity will only protect the plaintiffs with respect to the money damages claim. Instead, the easier way to affirm the district court would be to simply say that Koch didn't state a single claim for relief that is plausible on its face. Now, the claims are First Amendment retaliation, due process, 1983 conspiracy, and two supervisory liability claims. Given that my friend did not go into any of these issues or argue the merits we think would be sufficient to rest on the briefs and the district court's judgment. So unless the court has any questions, which I'd be happy to answer, the district court's judgment should be affirmed. Do either of you have any questions? I do not. I don't either. Thank you, Your Honors. Mr. Ketchum. Well, Your Honors, I just briefly I'm listening to what counsel says and the words that are used concerning the 11th Amendment. Nowhere is there anything about precedent. Nowhere is there anything about statute. Nowhere is there anything about the what the statute or what the 11th Amendment actually says. And to make a distinction between a statute and the amendment, I believe the constitutional law is that the Constitution and the statutes of the United States are the written laws of the United States. So that's a false distinction. But the words that are used are, well, the structure of federal law and the fundamental principles. Well, yeah, but that's exactly what Bostic rejected. There is no argument to something that doesn't exist. If the language is clear and there is no ambiguity, we don't go anywhere else. We don't do what Honda did going back and actually I think Hon bolsters the argument not to extend the 11th Amendment. And also we don't just rest on policy. That is absolutely out. And the language hasn't changed. It's English. So, again, I would say that many of the claims that were dismissed due to failure to state a claim hinge on the context of the state action. And I believe this court with Bostic under Bostic does have the ability to go back and reexamine both Hon and Pearson. I would remind the court that one of the defendants, Meyer, was dismissed on qualified immunity grounds. So this court does have that issue in front of it. If there are no other matters, I'm finished, Your Honor. Thank you both. The case will be submitted.